611 A.2d 803

**Marilyn CHOMAS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (VOLKSWAGEN OF AMERICA and Sentry Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 14, 1992.

Decided June 10, 1992.

Petition for Allowance of Appeal Denied Oct. 28, 1992.

Michael A. Johnson, for petitioner.

Raymond F. Keisling, for respondents.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

The claimant, Marilyn Chomas, appeals from an order of the Workmen's Compensation Appeal Board which denied the claimant's request for an award of counsel fees out of the subrogation amount received by Metropolitan Life Insurance Company, the sickness and accident carrier for Volkswagen of America, the employer, after the claimant's worker compensation benefits replaced sickness and accident proceeds previously received by the claimant.

The issue in this case is whether the board erred in determining that, because the claimant and Metropolitan did not have an agreement of record for attorney's fees, then, under section 501 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1021, the claimant is not entitled to an award of attorney's fees as to the subrogation reimbursement obtained by Metropolitan.

The claimant injured her back on January 30, 1985, while working for the employer. Pursuant to a notice of compensation payable, she received total disability worker compensation benefits starting March 21, 1985. On October 23, 1985, the claimant returned to work and signed a final receipt on November 22, 1985.

Because the employer could not provide work within the claimant's physical limitations, the claimant again stopped working on February 19, 1986. On that same day, the claimant signed an agreement with Metropolitan agreeing to reimburse Metropolitan all sums advanced to her under the sickness and accident policy provided to employees of the employer should she recover an award from her worker's compensation claim. Metropolitan started paying such sickness and accident benefits to the claimant on February 27, 1986.

On March 3, 1986, the claimant filed a petition to set aside the final receipt. After hearing, the referee ultimately dismissed the claimant's petition on February 2, 1988. On appeal, the board reversed the referee's decision on June 22, 1989. The employer appealed to this court which, in an order dated February 20, 1990, vacated the board's order and re-

manded the case to the board for clarification of the referee's findings.

Thereafter, apparently in reliance upon the board's 1989 action authorizing renewal of worker compensation (rather than this court's vacating order) the claimant, on April 9, 1990, filed a petition under section 501 of the Act, 77 P.S. § 1021, requesting, as attorney fees reimbursement, 20% of the subrogation benefit to be received by Metropolitan.

On June 26, 1990, the board remanded the case to the referee and also issued an order referring the claimant's petition for an award of attorney's fees out of Metropolitan's subrogation amount to the referee. On November 19, 1990, the referee reversed the original determination and granted the claimant's petition to set aside the final receipt. The referee also credited the employer for sickness and accident benefits paid to the claimant since February 26, 1986. The employer appealed the referee's decision to the board.

On January 29, 1991 the claimant filed a petition for the imposition of penalties against the employer, which the referee granted on May 1, 1991. On June 4, 1991, the referee amended the May 1 order to instruct the employer or Metropolitan to place 20% of the subrogation money due to Metropolitan into escrow pending the board's ruling on the section 501 petition.

On August 12, 1991, the board affirmed the decision of the referee which granted the claimant's petition to set aside the final receipt. However, the board denied the claimant's request for counsel fees from Metropolitan, and this appeal followed.

On appeal, the only issue is whether section 501 of the Act, 77 P.S. § 1021, bars the claimant from entitlement to an award of legal fees to which Metropolitan's subrogation receipts are attributable.

The board determined that, because no agreement of record existed between the claimant's counsel and Metropolitan's counsel in accordance with section 501 of the Act, counsel fees

could not be awarded. Section 501 of the Act provides in pertinent part:

> *No claim or agreement* for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation, under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the board. *Any such claim or agreement* shall be filed with the department, which shall, as soon as may be, notify the person by whom the same was filed of the board's approval or disapproval thereof, as the case may be. (Emphasis added.)

As the above emphasized language indicates, section 501 of the Act provides that *a claim*, as well as an agreement, may be the basis for obtaining the amount of a fee for legal services.

In *Richman v. Workmen's Compensation Appeal Board*, 16 Pa.Commonwealth Ct. 594, 329 A.2d 920 (1975), this court confirmed that a claimant's right to receive attorney fees from subrogees of a workmen's compensation award is controlled by section 501 of the Act. In that case, this court determined that the claimant's failure to file a claim, *or* to make an agreement, precluded the claimant from receiving attorney's fees from the subrogees. In *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa.Commonwealth Ct. 39, 342 A.2d 810 (1975), this court denied the claimant's request for counsel fees out of the subrogation interest of the health and accident insurance carrier because the claimant did not file a claim or make an agreement in accordance with section 501 of the Act.

In this case, the claimant signed an agreement with Metropolitan in which she agreed to pay Metropolitan all sums advanced to her under the disability insurance policy provided for employees of the employer. As the board stated, no agreement between the claimant and Metropolitan for *counsel fees* existed in this case. However, a claimant can satisfy section 501 of the Act by filing a claim.

In *Lerner v. Workmen's Compensation Appeal Board*, 35 Pa.Commonwealth Ct. 300, 386 A.2d 1038 (1978), this court, citing *Richman*, stated that an attorney seeking payment for

20 hours of legal work, who filed his claim with the Department of Labor and Industry, satisfied the requirements of section 501 of the Act.

In this case, the claimant filed a petition requesting 20% of Metropolitan's subrogation fund as attorney fees. The employer, along with its workmen's compensation carrier, Sentry Insurance, responded to the claimant's petition. The claimant in this case complied with the requirements set forth in section 501 of the Act.

The employer contends that, in accordance with *Chovan v. Wheeling–Pittsburgh Steel Corp.*, 30 Pa.Commonwealth Ct. 127, 373 A.2d 136 (1977), the claimant is not entitled to attorney's fees out of the subrogation fund. In *Chovan,* before filing a claim for worker's compensation, the claimant, pursuant to a labor agreement, executed an agreement with his employer, Wheeling–Pittsburgh, in which the claimant agreed to reimburse Wheeling–Pittsburgh or its authorized agent for any sickness and accident benefits paid to him during any time he was not entitled to such benefits because of a subsequent award of worker's compensation benefits. After signing the agreement, the claimant started receiving payments from the General American Insurance Company.

Thereafter, a referee awarded total disability worker compensation benefits to the claimant, payable by Wheeling–Pittsburgh. The referee also granted subrogation rights to General American, the alleged disability insurance carrier, and awarded to Chovan attorney's fees against General American. On appeal, the Board increased the amount of attorney's fees owed to the claimant by General American to 20% of the subrogation amount.

On appeal to this court, Wheeling–Pittsburgh argued that General American was its "authorized agent for payment and collection." This court noted that, although the record and the briefs indicated that General American did not carry Wheeling–Pittsburgh's workmen's compensation insurance and that Wheeling–Pittsburgh insured itself under the Act, the record did not indicate what function General American played with regard to the benefit program established by the

collective bargaining agreement. Thus, two scenarios were possible.

Because Wheeling–Pittsburgh was self-insured under the Act, if Wheeling–Pittsburgh actually made all the sickness and accident payments to Chovan with General American merely channeling the money, Wheeling–Pittsburgh would receive no benefit from Chovan's litigation of his worker's compensation claim. In that instance, the court could not justify the imposition of attorney's fees "upon what is, in substance, a successful claim of set-off or defalcation by Wheeling–Pittsburgh, even though done in the form of a subrogation claim by a nominal third party, General American." *Id.*, 30 Pa.Commonwealth Ct. at 132, 373 A.2d at 138.

Under the second scenario, the court reasoned that because General American was not Wheeling–Pittsburgh's worker's compensation carrier, if General American actually insured the benefit program, General American would benefit from Chovan's litigation of his claim.

> Because General American is not Wheeling Pittsburgh's workmen's compensation carrier and thus has no liability to Chovan under the Act, its 'subrogation' claim is not in the nature of a set-off or defalcation but is, in fact, a subrogation of General American to *funds that it would have no rights in respect thereof in the absence of Chovan's successful litigation* of his workmen's compensation claim. *Id.*, 30 Pa.Commonwealth Ct. at 132, 373 A.2d at 138–139. (Emphasis in original.)

Under this second scenario, the court determined that attorney's fees would be proper because of the pecuniary benefit received by the subrogee due to the subrogor's efforts. Hence, contrary to the employer's assertion, *Chovan* supports an award of attorney's fees in this case.

Although the employer in this present case asserts that it, not Metropolitan, actually paid all of the claimant's sickness and accident benefits, nothing in the record supports that contention. Unlike the employer in *Chovan,* the employer in this case is not self-insured under the workmen's compensation Act. Metropolitan provides sickness and accident benefits to the employer, and Sentry is this employer's workmen's compensation carrier. Additionally, unlike the claimant in

448

*Chovan,* the claimant in this case executed a reimbursement agreement with Metropolitan, not the employer.

Because the claimant complied with the provisions of section 501 of the Act by filing a claim, the claimant is entitled to an award of attorney's fees out of Metropolitan's subrogation amount.

Accordingly, the decision of the board is reversed.

### ORDER

NOW, June 10, 1992, the decision of the Workmen's Compensation Appeal Board at No. A90–2689, dated August 12, 1991, is reversed. Metropolitan Insurance is ordered to pay 20% of its subrogation receipts, for legal services, to Marilyn Chomas and her attorney.