122

644 A.2d 259

ACME MARKETS, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (CHISOM), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided June 16, 1994.

Stephen T. Potako, for petitioner.

Andrea J. Colton, for respondent.

Before CRAIG, President Judge, and SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

Acme Markets, Inc. (Acme) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting Acme a $4,940 credit/reimburse-

ment toward workers' compensation benefits payable to Yvonne Chisom, but reversed the referee's denial of further counsel fee payments to Chisom's attorney and ordered Acme to pay Chisom's counsel twenty percent of the $4,940 credit under The Pennsylvania Workers' Compensation Act (Act).[1]

The referee in this case, following a remand from the Board, found that Acme paid Chisom weekly sickness and accident (disability) benefits from March 16, 1986, through September 6, 1986, for a total of $4,940. In April 1986, Chisom signed a reimbursement agreement, by which she agreed to reimburse these benefits to Acme, without reduction for attorneys' fees or costs, if she subsequently received payment of workers' compensation benefits.[2] The referee found that the disability benefit plan is completely funded by Acme.

In a previous decision, from September 1987, the referee had granted workers' compensation benefits to Chisom for the same period that she received the disability benefits. The referee also concluded there that the reimbursement agree-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Specifically, Chisom agreed in relevant part:

[T]o reimburse Acme Markets, Inc. the amount of non-occupational benefits it paid for disability on account of accidental bodily injury or sickness which commenced on 3–13–86, in the event I or a personal representative is granted an award or receive any settlement ... in connection with, or on account of, a claim for workmens' compensation or occupational disease benefits with respect to said injury or sickness.

It is specifically understood that reimbursement shall be made in full without reduction for attorney fees or costs....

I hereby authorize and direct the payment out of any such award, or settlement, directly to Acme Markets, Inc., the full amount of any benefits paid by Acme Markets, Inc. with respect to said injury or sickness.

. . . .

Upon failure to comply with the terms of this Reimbursement Agreement, I hereby authorize my employer, Acme Markets, Inc., to make such deductions from my salary as it deems reasonable in order to satisfy said obligation....

Our decision herein does not turn on the validity of the attorneys' fees clause. Nor does our decision necessitate a specific treatment of Acme's argument that Chisom is not entitled to attorneys' fees because her attorney initially opposed reimbursement under this agreement, prompting Acme itself to obtain the credit by appealing the referee's original decision granting benefits without such credit.

ment would allow for reimbursement to Acme by means of a deduction from future salary earned by Chisom when her disability ceased. By supplemental decision in February 1989, Chisom's compensation rate was corrected to $331.17 per week and she was entitled to receive ongoing benefits at that rate. Under these decisions, Chisom's counsel has received and is entitled to continue to receive twenty percent of Chisom's workers' compensation benefits. Acme appealed the decision of the referee granting workers' compensation benefits and deferring disability benefits reimbursement. The Board remanded to the referee to reconsider the reimbursement issue.

The referee found on remand that Acme was entitled to reimbursement of the $4,940 from Chisom's workers' compensation award and ordered Chisom's weekly workers' compensation benefits reduced to $141.17 until the $4,940 was fully reimbursed. The referee also decided that Chisom's counsel was not entitled to further attorneys' fees. Chisom appealed to the Board. The Board affirmed the reimbursement, but decided that Chisom's counsel had a right to counsel fees calculated on the $4,940 credit. Thus, the Board ordered Acme to pay Chisom's counsel twenty percent of the credit. Acme now appeals to this Court.[3]

In cases such as this, at least two scenarios are possible. *See Chomas v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 148 Pa.Commonwealth Ct. 442, 611 A.2d 803, *petition for allowance of appeal denied*, 532 Pa. 666, 616 A.2d 986 (1992) (discussing *Chovan v. Wheeling–Pittsburgh Steel Corp.*, 30 Pa.Commonwealth Ct. 127, 373 A.2d 136 (1977)). In the first scenario, an insurance company which is not the employer's workers' compensation carrier insures a disability benefits program and receives a subrogation to funds to which it would have had no rights absent a claimant's successful litigation of her workers' compensation claim. Under this scenario, the claimant's attorney is generally entitled

---

**3.** Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

to fees from these funds under principles of equity because of the pecuniary benefit received by the subrogee due to the subrogor's efforts. *Id.* In the second scenario, the entity receiving subrogation to such funds is also a self-insured employer for workers' compensation purposes under the Act. In that instance, as Acme rightly argues, the imposition of attorneys' fees cannot be justified upon what is, in substance, a successful claim of set-off or defalcation. *Id.*

The resolution of this appeal thus depends on a determination as to which of these two scenarios is presented. Acme asserts in its appeal that it is self-insured, both for workers' compensation and for disability benefits. Chisom does not dispute this assertion.[4] Therefore, the second scenario is squarely applicable here.

A closer examination of *Chomas* and *Chovan* only reinforces our conclusion. Those cases also involved reimbursement agreements. Contrary to this case, however, in both of those cases there was an insurance carrier for disability benefits which paid out such benefits. In *Chomas*, the employer was not self-insured and had separate insurance carriers for workers' compensation and for disability benefits. We held attorneys' fees were appropriate, stating that there was nothing in the record to support the employer's contention that it, rather than its disability benefits insurer, paid all of the disability benefits. *Id.* Thus, the disability benefits carrier received a benefit from the claimant's workers' compensation claim, because that claim precipitated repayment of disability benefits under a reimbursement agreement.

4. In her appeal to the Board, Chisom asserted that the referee erred in deducting the credit from the workers' compensation award and erred in denying her attorney counsel fees for creating the credit fund. In her brief to this Court, Chisom argues that the Board properly awarded fees due to her counsel's efforts in creating the fund. She also disputes the validity of the attorneys' fees clause of the reimbursement agreement. Chisom does not mention the self-insurer analysis of *Chomas* and *Chovan.* Since there is no factual dispute that Acme was self-insured both for workers' compensation and for disability benefits, we assume "Home Indemnity Company, c/o Scott Wetzel Services," which Acme refers to in its brief as its "adjusting company," is in this case only an adjusting company and not an insurer.

In *Chovan,* the employer was self-insured for workers' compensation under the Act. However, we could not resolve on that record the role of the employer's disability benefits insurance carrier and, therefore, we were obliged to remand that case. We stated that, if the disability benefits insurance carrier actually insured the disability benefits program and received a pecuniary benefit from the workers' compensation claim, we would be faced with the first scenario outlined above, wherein attorneys' fees are warranted. *Id.* If, on the other hand, the employer actually made all the disability benefits payments to the claimant, merely channeling the money through the disability benefits insurance carrier, we would have before us the second scenario, wherein attorneys' fees are not appropriate. *Id.*

Unlike the claimant in *Chomas,* Chisom executed a reimbursement agreement with the employer, not the employer's disability benefits insurance carrier. Nor did Chisom execute an agreement by which she agreed, as the claimant did in *Chovan,* to reimburse her employer *or* its authorized agent. Chisom explicitly agreed to reimburse Acme for all disability benefits Acme paid her. The Board ordered Acme to pay twenty percent counsel fees. The referee found that Acme paid Chisom disability benefits of $4,940 and that the disability benefit plan is completely funded by Acme. Chisom does not challenge these or any other findings of fact; nor did she challenge them before the Board. Again, it is not disputed that Acme is self-insured for both workers' compensation and disability benefits.

Thus, this case is factually distinguishable from *Chomas* and *Chovan* and cannot be affirmed or remanded on their precedent. Indeed, the Board's order must be reversed under the rationale discussed in those cases. In reaching its decision, the Board relied on our holding in *Chomas* that Section 501 of the Act, 77 P.S. § 1021, allows the Board to grant attorneys' fees pursuant to either an agreement or the filing of a claim.[5]

5. The Board explained that there was no fee agreement in this case and Chisom's counsel did not file a section 501 claim for fees, but that, exalting substance over form, it would view Chisom's appeal of the

However, the Board did not proceed further under that case by performing the self-insurer analysis outlined above. Because it is undisputed that Acme is responsible for paying the workers' compensation benefits and is also the beneficiary of a credit for the disability benefits it paid, Chisom's argument of equitable restitution does not apply and her attorney is not entitled to fees based on the disability benefits credit. *Chomas; Chovan.*

Accordingly, the order of the Board is reversed insofar as it reverses the referee's decision and orders payment of counsel fees.

## *ORDER*

AND NOW, this 16th day of June, 1994, the order of the Workmen's Compensation Appeal Board, No. A91–878, dated July 30, 1993, is hereby reversed insofar as it reverses the referee's denial of payment of counsel fees to Yvonne Chisom's counsel, reversed insofar as it orders the petitioner to pay Chisom's counsel twenty percent of the $4,940 credit in this case and affirmed insofar as it affirms the referee's grant of the credit to the petitioner.

referee's decision as a section 501 claim. The propriety of this procedure is not questioned here.