**Charles MORROW, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LTV STEEL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.

Decided Nov. 29, 1995.

Francis M. Socha, for petitioner.

---

David C. Miller, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and MIRARCHI, Senior Judge.

FRIEDMAN, Judge.

■ Charles Morrow (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), dated November 2, 1994, dismissing Claimant's appeal from the decision of a Workers' Compensation Judge (WCJ) based on a lack of subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA).[1]

On April 22, 1988, while employed by LTV Steel Company (Employer), Claimant suffered a work-related injury to his right lower extremity, for which Employer issued a Notice of Compensation Payable. Claimant returned to work on September 12, 1988 and worked until September 1, 1990, at which time he became disabled again and began receiving a retirement pension pursuant to an ERISA-governed pension plan (Pension Plan) provided by his employer. On March 24, 1992, Claimant filed a Petition for Reinstatement of Compensation Benefits which led to a Stipulation Agreement between Claimant and Employer which reinstated Claimant's workers' compensation benefits as

of September 1, 1990, and provided that the total compensation due to Claimant, including interest, was $51,899.00. (R.R. at 1a–2a.) The parties also stipulated that, under the Pension Plan, Claimant had been paid $559.45 per month from September 1, 1990 through January 1993, and that Claimant was contractually obligated to offset the pension payments by his $51,899.00 in compensation benefits, thus obligating Claimant to reimburse Employer by $16,224.05. (R.R. at 2a.) The parties additionally agreed that Claimant's attorney would receive twenty percent (20%) of the workers' compensation benefits owed to Claimant as a fair and reasonable attorney fee. (R.R. at 3a.)

The sole remaining issue for the parties was whether the $10,379.97 in reasonable attorney's fees should be deducted from the $16,224.05 in pension benefits Claimant must reimburse to Employer.[2] (R.R. at 3a.) Following a hearing on this issue, the WCJ determined that an attorney fee of twenty percent was reasonable, but he did not resolve the issue of whether the attorney's fees could be offset against the pension repayments to Employer. Claimant appealed to the Board, which dismissed the action, agreeing with Employer that because the matter involved an interpretation of Claimant's Pension Plan and benefits, ERISA preempted the Board's jurisdiction.[3]

1. Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. ERISA provides uniform federal regulation of employee benefit plans. It is a comprehensive statute that protects the interests of employees and their beneficiaries in employee benefit plans, and promotes administrative efficiency through exclusive federal regulation of such plans. Keystone v. Foley, 37 F.3d 945 (3rd Cir.1994).

2. Paragraph 3.10(a) of Claimant's Pension Plan states in pertinent part:
   Any amount paid to or on behalf of any participant on account of injury or occupational disease incurred in the course of his employment by an Employing Company or any other employer causing disability in the nature of a permanent disability, whether pursuant to Worker's Compensation, Occupational Disease or similar statutory law, ... shall be deducted from or charged against the amount determined [to be the amount of regular pension]; provided, however, that any such deduction or charge shall be adjusted to take into account

expenses such as reasonable lawyers' fees, and medical expenses incurred by the participant in processing claim for such payment....
(R.R. at 49a) (emphasis added).
   Much like the Pension Plan, section 319 of the Workers' Compensation Act (Act) states:
   [T]he employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery of settlement bears to the total recovery or settlement.
Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671.

3. Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides:
   Except as provided in subchapter (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title....

■ On appeal,[4] Claimant argues that the Board erred in ruling that it lacked jurisdiction because ERISA does not preempt the offset provision set forth in section 319 of the Act and reflected in Claimant's Pension Plan. In the alternative, Claimant contends that if ERISA preempts the workers' compensation offset provision, the state and federal courts have concurrent jurisdiction to determine the issue under 29 U.S.C. § 1132(e)(1).[5]

In *United Wire v. Morristown Memorial Hospital,* 995 F.2d 1179, 1191 (3rd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 382, 126 L.Ed.2d 332 (1993) (emphasis added), the Third Circuit Court of Appeals summarized the standards for ERISA preemption:

> The preemption clause of ERISA is notable for its breadth, and manifests Congress's intention to establish pension plan regulation as an exclusively federal concern. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). The Supreme Court has noted that a state law "relates to" an ERISA governed plan, within the meaning of § 514(a)'s preemptive reach, "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The court in Shaw noted, however, that *"[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."*

463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21.

In *United Wire,* the court also developed guidelines to determine if a law relates directly or indirectly to ERISA plans:

> A rule of law [directly] relates to an ERISA plan if it is specifically designed to affect employee benefit plans. If it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan. . . .

*Id.* at 1192. A rule of law indirectly relates to an ERISA plan if:

> its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing states to have such rules would impair the ability of a plan to function simultaneously in a number of states.

*Id.* at 1193.

Employer argues that the Pension Plan in question falls within the definition of an "employee benefit plan" to which ERISA applies[6] and that because the Congressional intent behind ERISA was to afford participants in such plans comprehensive federal protection through the supremacy clause of the United States Constitution, *Goldberg v. Caplan,* 277 Pa.Superior Ct. 47, 419 A.2d 653 (1980), ERISA must preempt the Act's allowance of offsets. Employer claims further that section 514(a) of ERISA, 29 U.S.C.

---

**4.** Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa. Cmwlth. 582, 604 A.2d 767 (1992).

**5.** Section 1132(e)(1) of ERISA provides:
> Except for actions under subsection (a)(1)(B) of this section, the district court of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction under subsection (a)(1)(B) of this section.

29 U.S.C. § 1132(e)(1).
> Section 1132(a)(1)(B), in turn, provides:
> (a) A civil action may be brought–

> (1) by a participant or beneficiary–. . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1)(B).

**6.** 29 U.S.C. § 1002(2) provides the following definitions:

> The terms 'employee pension benefit plan' and 'pension plan' mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—
> (a) provides retirement income to employees.

§ 1144(a), which provides that ERISA supersedes state laws relating to employee benefit plans, should be read broadly to apply to this situation.

Claimant contends that the Act's offset provision, as incorporated within the Pension Plan, does not directly or indirectly relate to ERISA, and that any connection is, in the words of the court in *Shaw*, "too tenuous, remote, or peripheral to warrant a finding that the law 'relates to' the pension plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. Claimant argues in his brief that:

> [t]he language of Paragraph 3.10 of the [pension] Plan clearly indicates that attorneys' fees are to be assessed against a pension repayment. Section 319 of the Act states that "[t]he employer shall pay [that] proportion of the attorney's fees and other proper disbursements [that the amount of compensation paid or payable] at the time of recovery [or] settlement bears to the total recovery or settlement." 77 P.S. § 671. The Act does not attempt to *directly* regulate whether attorney's fees should be deducted from ... a repayment to ERISA plans and there is no doubt that Section 319 could be meaningfully applied absent the presence of ERISA plans.
>
> The Act does not *indirectly* relate to ERISA plans because it does not dictate or restrict a method for calculating benefits, structure, reporting and administration of the plan. In the present case [Claimant] is merely seeking attorney's fees which he is entitled to under the clear language of the Plan.

(Claimant's Brief at 12) (emphasis added).

We agree with Claimant that the Act's offset provision does not relate directly or indirectly to ERISA plans. Applying the guidelines set forth in *United Wire*, we are unpersuaded that the offset provision affects the Pension Plan itself or singles out such plans for special treatment. The offset provision of Claimant's Pension Plan is in accord with section 319 of the Act, which does not refer to employee benefit plans and is not predicated upon their existence. Further, we cannot find that the workers' compensation offset provision indirectly relates to ERISA-governed plans because it does not "dictate or restrict the choices" of the plan in question. Therefore, the jurisdiction of the Board to hear this matter is not preempted.

Moreover, although this is a case of first impression in Pennsylvania, the Third Circuit Court of Appeals, in *Buczynski v. The General Motors Corporation*, 616 F.2d 1238 (3rd Cir.1980),[7] considered whether ERISA preempts an amendment to the New Jersey workmen's compensation statute which would have prohibited workers' compensation offsets against retirement pension benefits.[8] After careful examination of ERISA and the Congressional intent behind it, the *Buczynski* court held that *the allowance of workers' compensation offsets does not 'relate to' ERISA in a way requiring preemption.*[9]

Because the offset provisions in question here do not relate, directly or indirectly, to ERISA, we hold that ERISA does not preempt the Board's jurisdiction over this matter.[10] Pursuant to the above discussion, we reverse the Board's order dismissing Claimant's appeal and remand this case to the Board to remand to the WCJ for consideration on the merits.

## ORDER

AND NOW, this 29th day of November, 1995, the Order of the Workmen's Compensation Appeal Board at A93–2702, dated No-

---

7. Affirmed by the United States Supreme Court in *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

8. The amendment provided in relevant part:
   *The right of compensation* granted by this chapter may be set off against disability pension benefits or payments but *shall not be set off against employees' retirement pension benefits or payments.*
   N.J.Stat.Ann. § 34:15–29 (Supp.1979) (emphasis added).

9. We note, however, that the court held that *the prohibition of such offsets specifically to ERISA plans does 'relate to' ERISA and is therefore preempted. Buczynski.*

10. Because of our disposition of Claimant's first issue, it is unnecessary to address Claimant's second argument regarding concurrent jurisdiction.

vember 2, 1994, is reversed and this case is remanded to the Board to remand to the WCJ for trial on the merits. Jurisdiction relinquished.