LTV STEEL COMPANY, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD. (MORROW), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1996 .

Decided March 14, 1997.

David C. Miller, Harrisburg, for petitioner.

Francis M. Socha, Harrisburg, for respondent.

Before FRIEDMAN and KELLEY, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

LTV Steel Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (WCAB), dated May 20, 1996, which, on remand, ordered Employer to pay a portion of Charles Morrow's (Claimant) reasonable attorney fees out of that part of Claimant's workers' compensation award which a Workers' Compensation Judge (WCJ) designated to be reimbursed to Employer's Pension Plan. We affirm.

Claimant suffered a work-related injury for which he received workers' compensation benefits pursuant to a Notice of Compensation Payable; however, after returning to work, Claimant once again became disabled. He retired and began receiving a pension pursuant to an ERISA-governed pension plan (Pension Plan)[1] provided by Employer. Claimant later filed a Petition for Reinstatement of Compensation Benefits which led to a Stipulation Agreement between Claimant and Employer that retroactively reinstated Claimant's workers' compensation benefits and provided that the total compensation due to Claimant, including interest, was $51,899.00. The parties also stipulated that, to avoid double payments, Claimant was obligated to reimburse $16,224.05 to the Pension Plan; this amount represented pension payments Claimant received during

---

1. The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*, provides uniform federal regulation of employee benefit plans. It is a comprehensive statute that protects the interests of employees and their beneficiaries in employee benefit plans and promotes administrative efficiency through exclusive federal regulation of such plans. *Keystone v. Foley*, 37 F.3d 945 (3rd Cir.1994).

the period for which his workers' compensation benefits had been reinstated. The parties additionally agreed that Claimant's attorney would receive twenty percent (20%) of the workers' compensation benefits owed to Claimant as a fair and reasonable fee.

██ The sole remaining issue was whether Claimant could deduct the attorney's fees from the $16,224.05 repayment or whether Claimant would have to pay the attorney's fees from the $35,675.95 left over after the reimbursement. Although argued by the parties at a hearing before the WCJ, the WCJ failed to resolve this issue and, on appeal, the WCAB concluded that ERISA preempted its jurisdiction over the matter. On appeal to this court, we agreed with Claimant that ERISA does not preempt the offset provision set forth in section 319 of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671, and reflected in the Pension Plan;[2] thus, we concluded that the WCAB retained jurisdiction over the matter. *See Morrow v. Workmen's Compensation Appeal Board (LTV Steel Co.),* 668 A.2d 227 (Pa.Cmwlth.1995). Accordingly, we remanded the case to the WCAB with directions to remand to the WCJ for consideration on the merits.[3]

On remand, the WCAB determined that Claimant's counsel is entitled to be paid from the $16,224.05 credit due to the Pension Plan. In doing so, the WCAB relied upon *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Chisom),* 165 Pa.Cmwlth.122, 644 A.2d 259 (1994), for the proposition that such a deduction is proper except in cases where the third party payer, here the Pension Plan, is the defendant employer itself. The WCAB concluded that the evidence of record could not support a factual determination that Employer and the Pension Plan are the same party, and, accordingly, ordered that counsel fees be deducted from the reimbursement.

██ On appeal to this court,[4] Employer argues that the Pension Plan is merely an extension of Employer, not an independent third party payer, and that the WCAB erred in concluding otherwise. Thus, Employer maintains that, under *Acme,* Claimant's counsel fees should not be deducted from the amount reimbursed to the Pension Plan. Claimant, on the other hand, asserts that the WCAB correctly applied *Acme* to order payment of counsel fees from the reimbursement because the record contains no evidence that Employer and the Pension Plan are, in fact, the same entity. Based on the arguments made, we conclude that the WCAB and the parties in this case have misconstrued our holding in *Acme.*

In *Acme,* we considered an issue similar to the one presented here when asked to determine whether a claimant's attorneys' fees could be deducted from that portion of a workers' compensation award which the claimant was required to return to her em-

2. Paragraph 3.10(a) of the Pension Plan (emphasis added) states in pertinent part:

Any amount paid to or on behalf of any participant on account of injury or occupational disease incurred in the course of his employment by an Employing Company or any other employer causing disability in the nature of a permanent disability, whether pursuant to Worker's Compensation, Occupational Disease or similar statutory law, ... shall be deducted from or charged against the amount determined [to be the amount of regular pension]; *provided, however, that any such deduction or charge shall be adjusted to take into account expenses such as reasonable lawyers' fees, and medical expenses incurred by the participant in processing claim for such payment. ...*
Much like the Pension Plan, section 319 of the Act states:
[T]he employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery of settlement bears to the total recovery or settlement.
77 P.S. § 671.

3. We note that the WCAB did not, in fact, remand to the WCJ as we instructed. However, because the issue of whether Claimant's attorney fees should be deducted from the reimbursement to the Pension Fund is a question of law, not fact, we do not believe the WCAB's action was in error.

4. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Morrow v. Workmen's Compensation Appeal Board (LTV Steel Co.),* 668 A.2d 227 (Pa. Cmwlth.1995).

ployer as reimbursement for disability benefits she received under a disability benefit plan. In reviewing the WCAB's determination that the claimant's counsel had a right to fees calculated on, and deducted from, the employer's credit, we stated:

> In cases such as this, at least two scenarios are possible. In the first scenario, an insurance company which is not the employer's workers' compensation carrier insures a disability benefits program and receives a subrogation to funds to which it would have had no rights absent a claimant's successful litigation of her workers' compensation claim. Under this scenario, the claimant's attorney is generally entitled to fees from these funds under principles of equity because of the pecuniary benefit received by the subrogee due to the subrogor's efforts. In the second scenario, the entity receiving subrogation to such funds is also a self-insured employer for workers' compensation purposes under the Act. In that instance, as Acme rightly argues, the imposition of attorneys' fees cannot be justified upon what is, in substance, a successful claim of set-off or defalcation.

> The resolution of this appeal thus depends on a determination as to which of these two scenarios is presented. Acme asserts in its appeal that it is self-insured, both for workers' compensation and for disability benefits. [The claimant] does not dispute this assertion. Therefore, the second scenario is squarely applicable here.

*Id.* 644 A.2d at 261. (Citations and footnotes omitted.)

As reinforcement for our conclusion in *Acme*, we examined two other cases: *Chomas v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 148 Pa. Cmwlth.442, 611 A.2d 803, *appeal denied*, 532 Pa. 666, 616 A.2d 986 (1992), and *Chovan v. Wheeling–Pittsburgh Steel Corp.*, 30 Pa. Cmwlth. 127, 373 A.2d 136 (1977). Both cases involved reimbursement agreements where disability benefits were paid by insurance carriers rather than the employer. We stated:

In *Chomas*, the employer was not self-insured and had separate insurance carriers for workers' compensation and for disability benefits. We held attorneys' fees were appropriate, stating that there was nothing in the record to support the employer's contention that it, rather than its disability benefits insurer, paid all of the disability benefits. Thus, the disability benefits carrier received a benefit from the claimant's workers' compensation claim, because that claim precipitated repayment of disability benefits under a reimbursement agreement.

In *Chovan*, the employer was self-insured for workers' compensation under the Act. However, we could not resolve on that record the role of the employer's disability benefits insurance carrier and, therefore, we were obliged to remand that case. We stated that, if the disability benefits insurance carrier actually insured the disability benefits program and received a pecuniary benefit from the workers' compensation claim, we would be faced with the first scenario outlined above, wherein the attorneys' fees are warranted. If, on the other hand, the employer actually made all the disability benefits payments to the claimant, merely channeling the money through the disability benefits insurance carrier, we would have before us the second scenario, wherein attorneys' fees are not appropriate.

*Id.* 644 A.2d at 261–62. (Citations omitted.)

As illustrated in *Acme, Chovan,* and *Chomas,* the question of whether a claimant's attorneys' fees should be deducted from the amount to be reimbursed did not turn on whether the disability carrier to be reimbursed and the employer were the same entity, but, rather, on *whether the entity to be reimbursed would receive a pecuniary benefit as a result of the claimant's successful litigation of a workers' compensation claim.* Accordingly, in *Acme,* where it was "undisputed that [employer] is responsible for paying the workers' compensation benefits and is also the beneficiary of a credit for the disability benefits it paid[,]" we saw no justification for imposing attorneys' fees on

**1320**

the reimbursement and reversed the WCAB's order. *Id.* 644 A.2d at 262.

█ By interpreting *Acme* as it did, the WCAB failed to apply the crucial consideration of pecuniary benefit laid out in *Acme.* The ultimate question here is not whether Employer and the Pension Plan are the same entity,[5] but whether the Pension Plan received a pecuniary benefit to which it would not have been entitled absent Claimant's successful workers' compensation claim.

█ Unlike the employers in *Acme* and *Chovan,* Employer here is not self-insured for workers' compensation purposes; thus, in contrast to the situation in those cases, Claimant's workers' compensation award was paid by an entity other than Employer. Accordingly, even if the Pension Plan is merely an extension of Employer and not a separate entity, the Pension Plan would not have had any right to be reimbursed for funds paid had Claimant not succeeded on his workers' compensation claim. Thus, the case before us is more analogous to *Chomas,* in which the disability benefits carrier received a pecuniary benefit as a result of the claimant's successful workers' compensation claim against an unrelated entity.

█ Because Claimant's successful workers' compensation claim provided the Pension Plan with a pecuniary benefit to which it was not otherwise entitled, in the form of the reimbursement, Claimant's attorneys' fees should be deducted from the amount to be repaid to the Pension Plan. *Acme; Chomas; Chovan.*[6]

Accordingly, we affirm.[7]

### ORDER

AND NOW, this 14th day of March, 1997, the order of the Workmen's Compensation Appeal Board, at A93–2702, dated May 20, 1996, is affirmed.

5. In this regard, we note that the WCAB's conclusion that Employer and the Pension Plan are not the same entity is not supported by substantial evidence in the record and is, in fact, contrary to the WCJ's Findings of Fact. The WCJ found that the Pension Plan is fully funded by Employer and administered by an employee of Employer. (WCJ's Finding of Fact, No. 2.) Further, the WCJ appears to refer to Employer and the Pension Plan interchangeably, using the term "plan" for accounting purposes to describe which particular fiscal account of Employer's the money shall return to. (WCJ's Findings of Fact, Nos. 1, 9, 11, 12.)

The WCJ is the ultimate factfinder in workers' compensation cases, and we are limited to determining whether the evidence believed by the WCJ is sufficient to support the findings and conclusions. *Hills Department Store #59 v. Workmen's Compensation Appeal Board (McMullen),* 166 Pa.Cmwlth.354, 646 A.2d 1272 (1994), *appeal denied,* 540 Pa. 587, 655 A.2d 518 (1995). Because the facts as found by the WCJ support only a conclusion that Employer and the Pension Plan are, in fact, the same entity, the WCAB's conclusion to the contrary was error. However, as explained above, this determination is not dispositive here.

6. Employer also argued that the WCAB erred as a matter of law in concluding on remand that it could not interpret the Pension Plan itself and, therefore, must rely solely on Pennsylvania law to determine whether Claimant's counsel's fees may be deducted from the amount to be reimbursed to the Pension Plan. The WCAB apparently believed that it was following our directive in using this approach. However, we did not direct the WCAB to address this issue in any particular way; we merely determined that the WCAB's jurisdiction over the issue was not preempted by ERISA. *See Morrow.* Moreover, we cannot conclude that the WCAB's reliance upon Pennsylvania case law was inappropriate. Finally, we note that whether the WCAB interpreted this case through the language of the Pension Plan or under Pennsylvania case law, the result would have been identical.

7. It is well recognized that this Court may affirm an order of an administrative tribunal where grounds for affirmance exist, even if the reasons relied upon by that tribunal in reaching its decision were incorrect. *Fritz v. Workmen's Compensation Appeal Board (Kim Manufacturing Co., Inc.),* 107 Pa.Cmwlth.168, 527 A.2d 636 (1987).