504 A.2d 428

Thomas Kurtz, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Allied Chemical Corporation and Travelers Insurance Company), Respondents.

Argued December 12, 1985, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Robert J. Murphy, Murphy, Murphy & Murphy, P.C.*, for petitioner.

*Thomas C. Lowry*, with him, *Sharon Harvey, Swartz, Campbell & Detweiler*, for respondents.

OPINION BY JUDGE PALLADINO, February 10, 1986:

Thomas Kurtz (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing Claimant's petition for counsel fees and penalties. We affirm.

On July 20, 1978, Claimant sustained a work-related injury while in the employ of Allied Chemical Corporation (Employer). Employer initially denied liability and Claimant filed a claim petition. On September 1, 1978, Employer filed a Notice of Compensation Payable and paid Claimant all compensation due, with interest through that date. In addition, Employer paid directly to Claimant's attorney, attorney's fees of 20% of the compensation then due. On January 30, 1979 a referee entered an order awarding attorney's fees and costs because he found that no reasonable basis existed for Employer's contest. No appeal was taken from this order and Employer continued to pay compensation and attorney's fees.

On January 21, 1979, Claimant returned to light duty work and the payment of compensation and attorney's fees was suspended pursuant to an automatic supersedeas. On May 3, 1979 Employer filed a suspension petition. An award for partial disability was entered by a referee on June 13, 1979, upon agreement of the parties. No determination with respect to attorney's fees was made by the referee in the June 13, 1979 order.

Claimant's disability recurred in April of 1979 and Employer promptly submitted to Claimant a supplemental agreement for reinstatement of compensation for total temporary disability. Claimant refused to sign the supplemental agreement because it did not provide for attorney's fees. At all times since the recurrence of Claimant's disability Employer has tendered to Claimant or his attorney compensation properly due. Claimant has refused to accept the payments so tendered.

Claimant filed the present petition for attorney's fees and penalties on June 12, 1979 and a referee's hearing was held on October 9, 1979. The referee concluded that Employer did not unreasonably contest liability for the payment of compensation after the recurrence of Claimant's disability and, therefore, on May 1, 1981, denied Claimant's petition for attorney's fees. The referee also denied Claimant's petition for penalties. The Board affirmed.

Claimant now appeals only that part of the Board's order which denied attorney's fees, asserting that the referee's decision of January 30, 1979 is res judicata on the issue of attorney's fees and, therefore, the Board erred as a matter of law in denying Claimant's petition. We disagree.

In order for the doctrine of res judicata to bar a proceeding, four conditions must be met: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of parties; and 4) identity of the capacity of the parties suing or being sued. *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 92, 380 A.2d 952, 953 (1977). We have determined that there is not an identity of the causes of action between the proceedings at bar and the previous proceedings.

When the subject matter and ultimate issues are the same in both the current and previous proceedings

there exists an identity of the causes of action. *Id.* With respect to Claimant's petition for attorney's fees, the subject matter and ultimate issues are not the same because the question of whether Employer unreasonably contested liability must be addressed at two separate points in time: first, at the time of the original claim petition; and second, at the time Claimant's disability recurred. It is clear that the legislature intended that attorney's fees incurred as a result of proceedings held subsequent to the resolution of the initial claim should be treated as distinct causes of action. The statute specifically provides for the award of attorney's fees in "contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards."[1] We therefore conclude that the doctrine of res judicata is not applicable to the case at bar.

---

[1] Act of June 2, 1915, P.L. 736, §440, *as amended*, 77 P.S. §996. Section 440 provides:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.
>
> In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

114 

The referee and Board correctly concluded that attorney's fees should not be awarded because Employer did not unreasonably contest liability to pay compensation upon the recurrence of Claimant's disability; Employer did not, in fact, contest such liability at all. It was Claimant who occasioned the contest by refusing to accept the payments tendered by Employer.

Accordingly, the order of the Board is affirmed.

ORDER

AND Now, February 10, 1986, the order of The Pennsylvania Workmen's Compensation Appeal Board, No. A-81448, dated September 6, 1984, is affirmed.