IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michele Phillips,                                  :
                              Appellant            :
                                                   :
        v.                                         :   No. 935 C.D. 2021
                                                   :   Submitted: September 9, 2022
City of Scranton Non-Uniform                       :
Pension Board                                      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                     FILED: February 27, 2023

        Michele Phillips (Phillips) appeals from an order of the Court of
Common Pleas of Lackawanna County (trial court), which affirmed a decision of
the City of Scranton Non-Uniform Municipal Pension Board (the Board) denying
Phillips' "Application for Pension due to Disability" (application).  After careful
consideration, we affirm.

## I. BACKGROUND[1]

        Phillips was employed as a technical services clerk in the Scranton
Public Library system in the City of Scranton (the City).  *See* Notes of Testimony
(N.T.) Hr'g, 9/18/19, at 7.  On January 17, 2019, Phillips filed an application with
the Board,[2] including a report from her treating physician, Dr. Julian Ramos, stating

---

[1] Unless otherwise stated, we adopt the statement of facts from the Board's decisions
entered November 21, 2019, and November 3, 2020.  *See* Non-Uniform Mun. Pension Bd.
Decision, 11/21/19, at 1-3; Non-Uniform Mun. Pension Bd. Decision, 11/3/20, at 1-3.

[2] The City of Scranton Code provides for disability benefits for members with ten years of
service who are under the age of fifty-five.  *See* Section 99-11 of the Code of the City of Scranton
(1997), *as amended*, Ord. No. 43-1999 (Apr. 5, 1999).

that she was no longer able to work due to her medical conditions, which included lupus, degenerative disc disease of the back, fibromyalgia, serositis, cervical radiculopathy, anxiety, and depression.[3]

The Board directed Phillips to attend an Independent Medical Examination (IME) with Dr. Lucian Bednarz. In addition to his examination of Phillips, Dr. Bednarz reviewed her hospital medical records and the report of her treating physician. In his report, Dr. Bednarz opined that Phillips' conditions "would potentially lead to a mild partial impairment but not total disability." Bd. Decision, 11/21/19, at 2. Dr. Bednarz offered to review additional medical data should it become available. Trial Ct. Op., 5/28/20, at 4.

On September 19, 2019, the Board held a special meeting to consider Phillips' disability petition. Phillips testified on her own behalf and provided several exhibits, including psychology records, treatment notes from her physicians, and her time and attendance records from the Scranton Public Library. At the conclusion of the hearing, the parties stipulated that the record would remain open until October 16, 2019, to allow for the submission of any other relevant medical records. On October 3, 2019, Phillips provided additional medical records, including further treatment notes, further hospital records, and correspondence from her treating physician to MetLife Disability.

On October 16, 2019, three of the five members of the Board voted on Phillips' application. One Board member voted in favor, one opposed, and one abstained. On November 20, 2019, the full five members of the Board again considered the application. At this time, all five members voted to oppose the application and accepted the opinion of Dr. Bednarz that Phillips was not totally or

---

[3] Dr. Ramos is a rheumatologist. *See* Trial Ct. Op., 7/22/21, at 6.

2

permanently disabled. The Board issued a written decision on November 21, 2019, and Phillips timely appealed the denial to the trial court. On May 28, 2020, the trial court remanded the matter to the Board for reconsideration and so that Dr. Bednarz could examine the medical data of record that post-dated his original IME. *See* Order, 5/28/20, at 10-11.

In August 2020, Dr. Bednarz provided a supplemental report indicating that he had reviewed the supplemental records, but his opinion remained unchanged. Again, Dr. Bednarz opined that Phillips had a partial impairment but not a total disability. Based upon the records, Dr. Bednarz opined further that Phillips should not be prescribed narcotic analgesics or benzodiazepines. However, if Phillips' psychiatric condition changed, she would need to be re-evaluated with updated medical records to determine how this may be affecting Phillips' functional abilities. Phillips submitted additional medical records to the Board for its review, which it forwarded to Dr. Bednarz. On October 16, 2020, Dr. Bednarz produced a second, supplemental report, in which he stated that he had reviewed all additional documents and that his opinions as stated previously remained unchanged.

On October 21, 2020, the Board voted on Phillips' application. The result was four opposed and none in favor. The Board accepted the opinion of Dr. Bednarz that Phillips was not permanently disabled. The Board issued its written decision on November 3, 2020.

Phillips appealed to the trial court. On July 22, 2021, the trial court denied Phillips' appeal. Phillips timely filed an appeal to this Court.

## II. ISSUES

On appeal, Phillips contends that the trial court abused its discretion when it held that the Board's findings regarding her physical and psychological

conditions were supported by substantial evidence. Pet'r's Br. at 4. Phillips argues that the Board erred in accepting the opinions of Dr. Bednarz regarding her physical and psychological conditions. *See id.* Essentially, Phillips contends that the Board should not have credited Dr. Bednarz's opinion over the opinion of her own treating physician. *See id.* at 12. Additionally, Phillips contends that the Board should have retained a psychologist or psychiatrist to evaluate her mental health conditions. *See id.* For these reasons, Phillips contends that the Board's findings are not based on substantial evidence. *See id.*

## III. ANALYSIS[4]

### A. Substantial Evidence

Phillips couches her issue as a challenge to the Board's conclusions and their support with substantial evidence. Pet'r's Br. at 34. However, Phillips' claim that the Board erred in accepting the opinions of Dr. Bednarz rather than her own treating physician is more accurately characterized as a challenge to the Board's credibility determinations. *See, e.g.*, *id.* The Board responds that Dr. Bednarz's opinions were based on his review of the medical records provided, as well as his IME, and constituted substantial evidence upon which the Board could rely when voting on the application. *See* Resp't's Br. at 5.

As noted, where the Board sits as a fact-finder, the trial court's and this Court's review is narrow, including whether the findings of fact are supported by substantial evidence. *Wiggins*, 114 A.3d at 71 n.4. Substantial evidence is "such relevant evidence as a reasonable person would accept as sufficient to support a

---

[4] This Court's review is limited to determining whether the Board violated Phillips' constitutional rights, committed an error of law or whether necessary findings of fact are supported by substantial evidence. *Wiggins v. Philadelphia Bd. of Pensions & Ret.*, 114 A.3d 66, 71 n.4 (Pa. Cmwlth. 2015) (citation omitted).

conclusion." *Joyce Outdoor Advert., LLC v. Dept. of Transp.*, 49 A.3d 518, 523 n.2 (Pa. Cmwlth. 2012). This Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Indiana Univ. of Pennsylvania, State Sys. of Higher Educ. v. Unemployment Comp. Bd. of Rev.*, 202 A.3d 195, 202 (Pa. Cmwlth. 2019).

This Court will only overturn a credibility determination "if it is arbitrary and capricious or so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *Agostino v. Twp. of Collier*, 968 A.2d 258, 263-64 (Pa. Cmwlth. 2009) (citation omitted). A capricious disregard of evidence exists only "when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *See id.* Finally, simply because the evidence of record might support a contrary conclusion, "it does not follow that the findings of fact are not supported by substantial evidence." *Johnson v. Unemployment Comp. Bd. of Rev.*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

The Board's acceptance of Dr. Bednarz's opinion rather than the opinion of Phillips' treating physician was an implicit credibility determination that we may not overturn absent a showing of an arbitrary and capricious decision, or a misapprehension of material facts. *Agostino*, 968 A.2d at 263-64. Here, the Board and the trial court reviewed the records submitted by Phillips' physician and considered by Dr. Bednarz as well as the reports prepared by Dr. Bednarz. Phillips was given several opportunities to supplement the record with further proof and took those opportunities. *See, e.g.*, Bd. Decision, 11/21/19, at 1-3; Bd. Decision, 11/3/20,

at 1-3. Although Phillips argues that the evidence supports a contrary conclusion, that claim alone does not establish that the Board's decision was arbitrary and capricious, nor a disregard of competent testimony or relevant evidence. *See, e.g.*, *Johnson*, 504 A.2d at 990. Essentially, Phillips requests that we reweigh the credibility of the witnesses, and absent a showing of arbitrariness, capriciousness, or a misapprehension of material facts, we decline to do so. *Agostino*, 968 A.2d at 263-64.

## B. Psychological Examination

Phillips argues that Dr. Bednarz, who specializes in physical medicine, lacks the qualifications to evaluate her mental health conditions. Pet'r's Br. at 16. Specifically, she contends that Dr. Bednarz lacks sufficient technical knowledge or specialized training, particularly where Phillips' intentional overdose indicates that she "suffers from more than mere anxiety and depression." *See id.* According to Phillips, Dr. Bednarz is no more qualified to make claims regarding her psychological state than a layperson. *See id.* at 17-18. The Board responds that Phillips failed to provide any evidence that her psychological condition was a basis for a disability and that none of the physicians involved in the case opined that Phillips was disabled due to a psychological condition. *See* Resp't's Br. at 6.

In pension disability cases, it is the claimant's burden to prove entitlement to benefits. *See Hinkle v. City of Philadelphia*, 881 A.2d 22, 24 n.4 (Pa. Cmwlth. 2005).[5] An applicant seeking disability benefits, generally, must show an injury that prevents them from continuing to work and support this claim with evidence that may include expert testimony. *See, e.g.*, *id.* at 23-25. Regarding expert

---

[5] The City of Scranton Code does provide for receipt of disability benefits for a member after 10 years of service and before attaining the age of 55, but does not specify what a claimant must prove regarding their disability. *See* Section 99-29 of the Code of the City of Scranton.

testimony, a witness who is "qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if his "scientific, technical, or other specialized knowledge" is "beyond that possessed by the average layperson" and will "help the trier of fact to understand the evidence or to determine a fact in issue." Pa. R.E. 702. The methodology used by the expert must be generally accepted in the relevant field. As with any other witness, the fact finder "is free to accept or reject the credibility of expert witnesses, and to believe all, part, or none of the evidence." *City of Philadelphia, Bd. of Pensions & Ret. v. Clayton*, 987 A.2d 1255, 1262 (Pa. Cmwlth. 2009). As long as sufficient evidence exists in the record "which is adequate to support the [fact-finder's] determination, an appellate court is precluded from overturning these determinations." *See id.*

Initially, this matter has been ongoing since 2019. Dr. Bednarz has been the doctor conducting the IME and producing related reports since the beginning of this case. At no time during the pendency of this matter did Phillips lodge an objection to Dr. Bednarz's qualifications, nor did she attempt to introduce any testimony or evidence by a psychologist or psychiatrist before the Board.[6] As noted above, it is Phillips' burden to prove her disability. *See Hinkle*, 881 A.2d at 24 n.4. Due to her failure to preserve this issue before the Board or the trial court, she has waived it for consideration on appeal. *See* Pennsylvania Rule of Appellate Procedure 302(a), Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement [of errors complained of on appeal] . . . are waived."); *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1288, 1289 n.2 (Pa.

---

[6] Phillips' counsel noted on the record that Dr. Bednarz did not have experience in psychiatric or psychological care but did not attempt to introduce additional evidence, nor did he object to the admission of Dr. Bednarz's report. *See* N.T. Hr'g, 9/18/19, at 46.

Cmwlth. 2006) (holding that issues not raised in a 1925(b) statement or raised before the trial court are not preserved for appellate review).

However, even if we did not find waiver, this issue is without merit. In the instant case, Dr. Bednarz is a medical doctor retained by the Board to conduct independent medical examinations. As a licensed physician and board certified independent medical examiner, his report was admissible as an expert report at the Board hearing, and the Board was free to believe all, part, or none of his report. *See Clayton*, 987 A.2d at 1262; *see also* N.T. Hr'g, 9/18/19, at 45. In denying Phillips' request, the Board credited Dr. Bednarz's report and conclusion that Phillips was not totally disabled, as was within its purview. *Agostino*, 968 A.2d at 263-64.

Accordingly, based on the above, the Board did not commit an error of law by relying upon the reports of Dr. Bednarz to reach a decision regarding Phillips' application for disability pension benefits. *See, e.g.*, *Wiggins*, 114 A.3d at 71 n.4.

## IV. CONCLUSION

Accordingly, we affirm the trial court's order affirming the Board's denial of Phillips' application for disability pension benefits.

_____
LORI A. DUMAS, Judge


Judge Wallace did not participate in the decision in this case.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michele Phillips,                                  :
                             Appellant             :
                                                   :
              v.                                   :   No. 935 C.D. 2021
                                                   :
City of Scranton Non-Uniform                       :
Pension Board                                      :

# **O R D E R**

AND NOW, this 27th day of February, 2023, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter dated July 22, 2021, is AFFIRMED.

_____
LORI A. DUMAS, Judge